# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

JOSEPH H. PAUL

GENERAL JURISDICTION DIVISION

Plaintiff,

CASE No.: 2016-023708 CA-01

v.

BEACH HOUSE HOTEL, LLC
Florida Limited Liability Company
d/b/a GRAND BEACH HOTEL SURFSIDE,

Defendant.

## SUMMONS IN A CIVIL CASE

TO: BEACH HOUSE HOTEL, LLC, through its Registered Agent

MJF REGISTERED AGENT CORP.
153 SEVILLA AVENUE
CORAL GABLES, FL 33134

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**LARONDA BLACK**

_____
CLERK

DATE   SEP 2 0 2016

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

JOSEPH H. PAUL,  GENERAL JURISDICTION DIVISION

    Plaintiff,  CASE No.: 2016-023708-CA-01

vs.

BEACH HOUSE HOTEL LLC
Florida Limited Liability Company
d/b/a GRAND BEACH HOTEL SURFSIDE.

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, JOSEPH H. PAUL (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, BEACH HOUSE HOTEL LLC Florida Limited Liability Company d/b/a GRAND BEACH HOTEL SURFSIDE (hereinafter "Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for damages under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, discrimination based on race to redress injury done to Plaintiff by the Defendant for discriminatory treatment. This is an action brought under Chapter 760, Florida Statutes.

2. Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

3. Plaintiff continues to be, a resident of Miami Dade, Florida.

4. Plaintiff was an employee of Defendant in Miami Dade, Florida.

5. Defendant was a "person" and/or an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

7. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.*

9. Venue is proper in Miami-Dade County, Florida.

10. Plaintiff is a Black/African American during the relevant time period and is a member of a class of persons protected from discrimination in his employment under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

11. On November 4, 2014, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination and suit was instituted timely (hereafter referred as Exhibit A)( Case number -510-2015-00454).

12. On March 14, 2016, Plaintiff received his right to sue (hereafter referred as Exhibit B).

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff was employed by Defendant from on or about November 24, 2013 to October 14, 2014.

15. Plaintiff is a Black/African American individual and was employed by Defendant as a maintenance/engineer.

16. Throughout Plaintiff's employment, plaintiff performed his duties in an exemplary manner or above satisfactory levels.

17. Despite that, Plaintiff never received a set schedule like the rest of the non-Black employees.

18. Plaintiff was required to work nights, days or any available shift; whereas, non-Black employees had their own set schedule.

19. Plaintiff was discriminated and treated different from non-Black employees.

20. Specifically, on October 14, 2014, Plaintiff was called into a meeting with the HR Director and was told that Mr. Julio Harrington (White/Hispanic) Director of Operations reviewed the security video tapes and saw Plaintiff in front of the building smoking and using the computer for five hours.

21. Plaintiff does not smoke and as a result requested to see those video tapes.

22. Defendant refused to show the video tapes to Plaintiff.

23. Subsequently, Plaintiff was fired on or about October 14, 2014, based on discrimination and/or in retaliation of his complaint of discrimination.

24. Additionally, other Black employee was terminated on the same day for the same reason.

25. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
### *DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

27. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals **race, color, or national origin**.

28. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

29. Plaintiff is a black/African American individual and he possessed the requisite qualifications and skills to perform this position with Defendant.

30. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

31. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

32. Plaintiff was qualified for this position with Defendant.

33. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of employment.

34. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race.

35. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

### PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

E. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

F. For a money judgment representing prejudgment interest;

G. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

H. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

I. Grant PLAINTIFF a trial by jury;

J. Grant such other and further relief as the Court deems just and proper.

## COUNT II
## DISCRIMINATION BASED ON RACE IN VIOLATION OF § 1981

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this Complaint as if set out in full herein.

37. At all times material hereto Defendant was/were "employers" within the meaning of 42 U.S.C. §1981.

38. At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C. §1981.

39. Plaintiff had been employed by Defendant.

40. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendants.

41. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

42. Plaintiff was terminated from his employment on or about October 14, 2014.

43. Defendants have engaged in a pattern of continuous discrimination against Plaintiff based on his race by giving White individuals better jobs and White individuals were not subjected to persistent harassment based on their race.

44. During the course of his employment with the Defendants, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendants' agents because of racial animus towards Plaintiff, which is set forth in more detail above.

45. Defendants crafted and implemented a plan to eventually terminate Plaintiff based upon his race.

46. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of his race.

47. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants, and its supervisory personnel, were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

48. The actions and language of the Defendants was so severe and pervasive as to alter the terms, conditions, and/or privileges of his employment with the Defendants.

49. Defendants' actions were based upon the Plaintiff being a Black individual. The Defendants subjected Plaintiff to race-based animosity.

50. Plaintiff would have continued in his form of employment with entitlement to wages and benefits but for the discriminatory conduct of the Defendants.

51. When Defendants terminated the Plaintiff's employment, it retained all employees, such who exhibited discriminatory conduct upon the Plaintiff. Defendants did so despite the knowledge of those employees engaging in discriminatory actions and/or comments against Black employees, such as Plaintiff.

52. The discrimination complained of herein was based on race, in that but for the fact that Plaintiff was black, he would not have been the object of discrimination

53. As a result of the actions of the Defendants, as alleged herein, the Plaintiff has been deprived of his employment and has been exposed to ridicule and embarrassments and has suffered emotional distress and damage.

54. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possess the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with Defendants.

55. The Plaintiff, by being subjected to this discriminatory treatment by the Defendants, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected.

56. The conduct of the Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of his statutory right under federal law.

57. The actions of the Defendants and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

58. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendants' discriminatory practices unless and until this Court grants relief.

59. The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants on the basis of Defendants' willful violations of 42 U.S.C. §1981;

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits;

C. Award Plaintiff as to this count prejudgment interest;

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees;

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages; and

F. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____ 9-9-16

Respectfully submitted,

_____
Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com

Brody M. Shulman, Esq.
Fla. Bar No.: 092044
bshulman@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2015-00454 |

Florida Commission On Human Relations and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Joseph H. Paul | (786) 370-4518 | 07-10-1974 |

Street Address: 153 NE 80th Terrace, Apt # 7, Miami, FL 33138

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| GRAND BEACH HOTEL | 101 - 200 | (305) 534-8666 |

Street Address: 9449 Collins Avenue, Surfside, FL 33154

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-24-2013   Latest: 10-14-2014

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a black/ African American individual, who was wrongfully discharged because of my race.

My employment began on or about 11/24/13; as Maintenance/ Engineer. On October 14, 2014, I was called into a meeting with the HR Director and was told that Mr. Julio Harrington (white/Hispanic), Director of Operations was reviewing the security video tapes and saw me in front of the building smoking and using the computer for 5 hours. I have never smoked a day in my life. When, I asked to see the tapes, I was told that they would not show me the video; this is why I believe my termination is pretextual. In addition, I have not been previously disciplined. I believe that I was terminated because of my race because I was the only person that was required to work all the shifts. I was continuously required to work nights, days or whatever shift that I was told. I was never given a set shift like others (non-black) similarly situated, as I was.

I believe that I have been discriminated against because of my race/black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Nov 04, 2014    JHPaul
Date            Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Joseph H. Paul<br>153 Ne 80th Terrace, Apt # 7<br>Miami, FL 33138 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2015-00454 | MELINDA MONTERO,<br>Investigator | (305) 808-1880 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*/s/ signature/*
for MICHAEL J. FARRELL,
District Director

**MAR 1 4 2016**
(Date Mailed)

Enclosures(s)

cc:  **Respondent's Representative**
Grand Beach Hotel
Timothy Tack
Labor and employment Law Representing Management
KINKEL MILLER & HAMENT
3550 Buschwood Park Drive
Tampa, FL 33618